985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
REDWOOD EMPIRE LIFE SUPPORT, a corporation; Stanley Cantor,
Plaintiffs-Appellees,
v.
COUNTY OF SONOMA; Sonoma County Emergency Medical Services
Agency; Mark Kostielney; 911 Emergency Services,
Inc., dba Sonoma Life Support,
Defendants-Appellants.
The Association of California Hospital Districts, Inc., West
Side Community Hospital District and Patterson
Hospital District; California Ambulance
Association, Amici Curiae.
 No. 91-16444.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1992.
Decided Jan. 29, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-91-01665-RFP, Robert F. Peckham, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The County appeals the district court's issuance of a preliminary injunction in this action. Our standard of review is whether the district court abused its discretion. Senate of State of California v. Mosbacher, 968 F.2d 974, 975 (9th Cir.1992).
 
 
 3
 A preliminary injunction may be granted if the moving party shows either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits.
 
 
 4
 Id. at 977.
 
 The district court concluded that
 
 5
 Although the court respects the County's right to devise its own emergency medical system, the doubts raised by plaintiffs concerning its legality, coupled with the grave risk the franchise poses to RELS and the provision of ambulance services within and outside of the franchise area, justify the entry of preliminary injunctive relief.
 
 
 6
 For the reasons expressed in Judge Peckham's well-written order, we conclude there was no abuse of discretion in issuing the preliminary injunction.
 
 
 7
 AFFIRMED.
 
 WIGGINS, Circuit Judge, dissenting:
 
 8
 After careful review of the district court's opinion and the applicable law, I cannot escape the conclusion that the lower court and this panel have engaged in the type of close scrutiny of a state statutory scheme that is proscribed in the antitrust context by Columbia v. Omni Outdoor Advertising, Inc., 111 S.Ct. 1344, 1350 (1991), and this court's opinion in Lancaster Community Hospital v. Antelope Valley Hospital District, 940 F.2d 397, 400 (9th Cir.1991). See also Mercy Peninsula Ambulance v. San Mateo, 791 F.2d 755 (9th Cir.1986). The doctrine of state action immunity, which is designed to protect the interests of federalism, clearly insulates the county from any antitrust liability in this case. Thus, Redwood can show neither a probability of success on the merits nor the existence of serious questions going to the merits and therefore is not entitled to a preliminary injunction. The doctrine of state action immunity dictates that this challenge to the county's authority to regulate under the Act be brought in state court and not considered under federal antitrust laws. Federal courts simply should not examine closely state statutory schemes in the antitrust context. See Columbia, 111 S.Ct. at 1350; Hallie v. Eau Claire, 471 U.S. 34, 44 n. 7 (1985); Lancaster, 940 F.2d at 400.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3